# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KENNETH NEWSOME,**

      **Petitioner,**

  **v.**                                                                        Civil Action No. 3:15cv141
                                                                                     (GROH)

**WARDEN WILLIAMS, FCI GILMER**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On December 21, 2015, the *pro se* Petitioner, Kenneth Newsome ("Petitioner"), an inmate at FCI Gilmer, filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2241 seeking additional credit against his sentence and enclosed the required five dollar filing fee. ECF No. 1, 2. On December 22, 2015, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. ECF No. 4. Accordingly, an Order to Show Cause was issued against the Respondent. Id. On January 4, 2016, the Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause. ECF. No. 5. On January 5, 2016, the court issued a Roseboro Notice, and on January 27, 2016, the Petitioner filed his response. ECF No. 9, 11. On February 4, 2016, the Petitioner filed a cross Motion [ECF No. 12] for Summary Judgment with a Memorandum in Support and on

1

April 21, 2016, the Petitioner filed a Motion [ECF No. 14] for Summary Judgment with exhibits.

## II. Facts

On August 19, 2004, the Petitioner was arrested by state authorities in Georgia for numerous state offenses. ECF No. 6 at 2. On January 5, 2005, the Petitioner was borrowed by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. Id. The Petitioner was sentenced on February 6, 2006 in the United States District Court for the Southern District of Georgia, to a 120-month term of imprisonment for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). 404CR309, U.S. District Court Southern District of Georgia, ECF No. 68. The judgment did not specify whether the federal sentence would run concurrent with or consecutive to any other sentence. Id.

The Petitioner was returned to state authorities via return writ on March 1, 2006. ECF No. 6 at 2. On April 18, 2006, the Petitioner was sentenced in Chatham County, Georgia, to a 10-year state term of imprisonment for Possession of a Firearm During a Crime and Aggravated Stalking. Id. The State of Georgia applied all of the time the Petitioner spent in custody beginning August 19, 2004, the date of his arrest by state authorities, to the day before the commencement of his state sentence, as credit against the 10-year state sentence. Id. 2-3. The Petitioner remained in state custody until November 19, 2013, when he was released on parole and taken into federal custody. Id. at 3.

Upon arriving in federal custody, the Petitioner learned that he would not receive any credit toward his federal sentence for time that he had spent in state custody.

404CR309, U.S. District Court Southern District of Georgia, ECF No. 121. Rather, the Bureau of Prisons commenced the Petitioner's federal sentence on November 13, 2013, the date he was released by the state on parole. ECF 6-1(E) at 21. Accordingly, the Petitioner submitted a request for a nunc pro tunc designation to the BOP Regional Director seeking to have the state facilities where he had been confined while in state custody designated as the place of confinement for his federal sentence. 404CR309, U.S. District Court Southern District of Georgia, ECF No. 121. On July 30, 2014, after considering the factors set forth in 28 U.S.C. § 3621(b), the BOP determined that such a designation was not warranted. ECF No. 6-1(H) at 28. Therefore, the Petitioner's projected release date, the date on which he will complete serving his federal sentence with credit for good time, is August 5, 2022. ECF No. 6-1(E) at 21. The Petitioner has exhausted all of his administrative remedies, and this case is now ripe for review.

### III. Contentions of the Parties

**A. Petitioner's § 2241 Motion**

Petitioner claims that the BOP has unlawfully denied him credit for time served in a state or federal prison. More specifically, the Petitioner alleges that the BOP abused its discretion in rejecting his nunc pro tunc designation based solely on the sentencing court's objection and did not adequately evaluate the five factors listed in 18 U.S.C. § 3621(b). ECF No. 1 at 5. Further, the Petitioner maintains that he is being unlawfully confined beyond the statutory maximum penalty of 120 months for possession of a firearm by a convicted felon. ECF No. 1 at 7. For relief, the Petitioner seeks an order instructing the BOP to give an independent review of his nunc pro tunc request by evaluating the five factors of § 3621 and designate the state facilities where he was

confined thereby running his state and federal sentences concurrently which would "correctly release" him.

**B. Respondent's Motion**

Respondent seeks dismissal of this matter and argues that the Petitioner's sentence commenced on November 19, 2013, the date he was turned over to the United States Marshal Service for service of his federal sentence. ECF No. 6 at 7. The Respondent also maintains that the Petitioner is not entitled to prior custody credit because that time was credited against his state sentence, and he cannot receive double credit. Id. 3-6. Finally, the Respondent contends that a nunc pro tunc designation is not warranted because the BOP denied his request after considering all five of the factors set forth in 18 U.S.C. § 3621(b). Id. at 7; see also ECF No. 6-1(H) at 28.

**C. Petitioner's Response**

In his response, the Petitioner maintains that he should be given credit for this time spent serving his state sentence because the "two" crimes for which he was charged are related conduct and should be served concurrently. ECF No. 23 at 4. He further maintains that the BOP overstepped its authority when it did not give force to the state judge's order that the sentences be run concurrently. Id. at 8. Further, the state prison should have been designated *nunc pro tunc* in order that his time there be counted toward his federal sentence. Id.

## IV. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the

4

motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d

407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. Analysis

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. United States v. Wilson, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585 (b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which

>    the sentence was imposed; that has not been credited against another sentence.

Id.

"Congress [has] made clear that a defendant [may] not receive a double credit for his detention time." Wilson, 503 U.S. at 336-37. In the instant case, the Petitioner was in the custody of the State of Georgia until he was released on parole and taken into federal custody for service of his federal sentence. While the Petitioner was serving his state sentence, that period of incarceration was applied to his State of Georgia term of incarceration. Because of the general rule that a defendant may not receive double credit for his detention time, the Petitioner is not automatically entitled to any additional credit as to his federal sentence.

Under section 3585 (a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody while waiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." As a general rule, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereigns imposed sentence is satisfied. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum*, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary jurisdiction. Id. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.

8

Here, the State of Georgia did not lose its primary jurisdiction over the Petitioner when it lent him to federal authorities pursuant to the writ of *habeas corpus ad prosequendum*. Georgia maintained primary jurisdiction over the Petitioner until November 19, 2013, when he was released on parole and taken into federal custody for service of his federal sentence. The Petitioner's state sentence was credited with all time he spent in custody from the time of his arrest on August 19, 2004, until he was paroled on November 19, 2013, and therefore, he cannot receive credit for this time against his federal sentence, absent a *nunc pro tunc* designation.

18 U.S.C. § 3621(b) grants the BOP discretion to select the place of a federal prisoner's confinement, stating that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability . . . , [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . , that [BOP] determines to be appropriate and suitable." 18 U.S.C. § 3621(b). "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." Jefferson v. Berkebile, 688 F.Supp.2d 474, 486 (S.D.W. Va. 2010( (citing Evans, 159 F.3d at 911-12). The statute specifically directs the BOP to consider five factors in making this determination:

> 1. the resources of the facility contemplated;
> 2. the nature and circumstances of the offense;
> 3. the history and characteristics of the prisoner;
> 4. any statement by the court that imposed the sentence –
>     (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> 5. any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Under this statute, the BOP has the power to order a *nunc pro tunc* designation of a state facility as the place of imprisonment for a federal prisoner, essentially allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. Jefferson, 688 F.Supp.2d at 487 (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 245-46 (3d Cir. 2005)).

The BOP's policy on designating a non-federal institution for the service of a federal sentence is set forth in BOP Program Statement 5160.05. "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." Id. at 4. The sentencing court's intent can be established at the time the sentence is imposed, by way of an order or recommendation, as recorded in a document such as a judgment and order of commitment. Failing that, an inmate can request a *nunc pro tunc* designation, as the Petitioner has done in the instant case.

The Petition challenges the BOP's decision in this matter by relying on the Fourth Circuit opinion in Trowell v. Beeler, 135 F. App'x 590, 596 (4th Cir. 2005) ( unpublished per curiam).[1] In Trowell, the inmate requested *nunc pro tunc* designation which the BOP initially indicated that it was inclined to grant, but that it first would seek the consent of the sentencing court. Trowell 2005 WL 1181858, at *1. The sentencing court objected to

---

[1] The Petitioner also raises claims that § 5G1.3 of the Guidelines Manual of the United States Sentencing Commission, directs district courts to make the necessary reductions in a federal sentence for time served (and credited) towards a state sentence, as long as the state conviction arose from relevant conduct. First, it would appear that the federal and state charges are not related. ECF No. 6-1 at 28. Moreover, to the extent that the Petitioner is challenging the imposition of his sentence, the same is not appropriate in a habeas petition pursuant to 28 U.S.C. § 2241. Moreover, at the time the Petitioner was sentenced, §5G1.3(c) did not include any reference to an anticipated term of state imprisonment.

the designation request. The BOP then wrote Trowell informing him that his designation request was denied based on the court's objection. Id. Upon review, the Fourth Circuit stated that the "BOP abdicated its statutory responsibility to bring its independent judgment to bear on the matter. As a result, BOP's denial of Trowell's *nunc pro tunc* designation request was arbitrary and capricious and the agency abused its discretion." Id. at *3. The Fourth Circuit noted specifically that when an inmate submits a request for *nunc pro tunc* designation, the "BOP may not simply defer to the expressed views of the federal sentencing court; rather, BOP must exercise its own **independent judgment**, taking into account all applicable factors in § 3621(b), including the views of the sentencing court." Id. at *4 (emphasis added). Therefore, the view or consent of the sentencing court is not the determinative factor, but merely one of several factors the BOP must consider under § 3621(b) in evaluating a request for *nunc pro tunc* designation.

As part of determining whether to designate a state institution for service of a federal sentence, it is BOP policy to send a letter to the prisoner's sentencing court, with copies to the U.S. Attorney's Office and U.S. Probation Office in which the BOP inquires as to the sentencing court's position on applying a retroactive designation. See BOP Program Statement 5160.05 at 6. In keeping with this policy, on June 17, 2014, Jose A. Santana, who is the Chief of the BOP Designation and Computation Center, sent a letter to the Honorable William T. Moore, the Petitioner's federal sentencing judge. In pertinent part, the letter states the following:

> Mr. Newsome has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence. Such

11

> action would thereby reduce the total amount of time spent in custody. In <u>Setser v. United</u> States __U.S. ___, 132 S.Ct. 1463, 192 L.Ed.2d 455 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent or consecutive with any other sentence rests with the federal sentencing court.
>
> Such a retroactive designation is made if the federal sentencing Court indicates the federal term is to be concurrent with the state term, or if the federal sentencing Court does not state it's [sic] intention, such designation may be completed after the review of all the factors under Title 18 U.S.C. § 3621(b).
>
> The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. It is the Bureau's preference that the Federal sentencing court state its position with respect to a retroactive designation. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.
>
> Should the Court indicate the sentence is to run concurrent with the state term, the Bureau will commence his sentence in the above judgment on a date which would result in the satisfaction of his federal sentence and immediate release from custody of Mr. Newsome. Should the Court indicate the term is to run consecutive to the state term, he will continue to a current projected release date of August 5, 2022.
>
> Please advise us at your earliest convenience, as to the court's position on a retroactive designation in this case. Should additional information be necessary, please contact….

ECF No. 6-1(F) at 24 (internal citations omitted).

On July 25, 2014, the Supervisory U.S. Probation Officer for the Southern District of Georgia wrote a letter to Mr. Santana indicating that Judge Moore had reviewed the case and "[i]n consideration of the serious nature of the instant federal offense and the underlying charges, Judge Moore does not recommend that Newsome be awarded

credit toward his federal sentence for the time that Newsome spent in custody that was credited toward that state sentence." ECF No. 6-1(G) at 26.

Five days later, on July 3, 2014, the BOP denied the Petitioner's request for a nunc pro tunc designation. While on first blush, it would appear that the BOP simply deferred to the wishes of the sentencing court, its decision in this case is clearly distinguishable from that in Trowell.

First, there is no indication that the BOP intended to grant the Petitioner a *nunc pro tunc* designation before receiving the judge's reply to its inquiry. Second, and more important, there is no evidence that the BOP failed to take into account the five factors listed in 18 U.S.C. § 3621. The worksheet that prison officials used to conduct the review was entitled "Factors Under 18 U.S.C. § 3621(b) Worksheet" and subdivided into five sections. The prison officials examination of these factors was as follows:

> **Factor (1)-the resources of the facility contemplated:** The inmate is in the primary custody of the Bureau of Prisons and designated to FCI Williamsburg (Security Level-Medium);
> **Factor (2)-the nature and circumstances of the offense:** Federal Offense-18 U.S.C. §922; Possession of a Firearm by a Convicted Felon. Term-120 months. State Offense-Aggravated Assault, Aggravated Stalking, Cruelty to Children, Possession of FA. Term-45 Years. Federal and State charges are not related in the PSI instant offense conduct.
> **Factor (3)-the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history):** Excluding the aforementioned state and federal convictions, the following convictions are listed within the Pre-Sentence Investigation Report: Theft by Taking, Agggravated Assault, Possession of Firearm. The BOP Disciplinary Record have been reviewed with the following conduct has listed: N/A. No State Disciplinary information has been received.
> **Factor (4) any statement by the court that imposed the sentence:** The sentencing court was contacted to obtain an

opinion regarding the granting of a retroactive designation on July 17, 2014. A response was received from the Court in a letter dated July 25, 2014. In responding, the Court Stated 'Judge Moore does not recommend that Newsome be awarded credit toward his federal sentence for the time that Newsome spent in custody that was credited toward the state sentence…'

**Factor (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 924(a)(2) of Title 28." ECF No. 6-1 at 28.** N/A

ECF No. 6-1(H) at 28.

While the Petitioner may disagree with the BOP's evaluation on that Worksheet, the BOP's *nun pro tunc* determination is reviewed for abuse of discretion, and its findings are afforded substantial deference and entitled to a presumption of regularity. See Trowell, 135 F. App'x at 593 (citing Barden v. Keohane[2], 921 F.2d 476, 478 (3d Cir. 1991)); Jefferson, 688 F. Supp.2d at 496. It appears that the BOP considered the five factors required. The nature and circumstances of the State and Federal offenses (possession of a firearm, aggravated assault, cruelty to children, etc.) and Petitioners prior criminal history of theft by taking, aggravated assault and possession of a firearm were weighed heavily in the BOP's consideration along with Judge Moore's recommendation. Id. Based on this evidence, the undersigned finds that the BOP did not abuse its discretion.

---

[2] In Barden, the petitioner brought a § 2241 habeas petition to gain credit for time served in a state prison by having that state facility designated a federal facility *nunc pro tunc*. In pursuing his administrative remedies, the BOP declined to recognize that it had the statutory authority to make such a designation. The Barden court held that the petitioner was "entitled to have his request considered by the agency with the statutory power to grant it and that 28 U.S.C. § 2241 is available to compel that consideration." 921 F.2d at 484. After Barden, the BOP began to analyze requests for retroactive designation pursuant to 18 U.S.C. § 3621(b). In addition, BOP Policy Statement 5160.05 specifically references Barden with respect to inmate requests for *nunc pro tunc* designation.

In addition to his allegation that the BOP abused its discretion in rejecting his *nunc pro tunc* designation solely on the sentencing court's objection, the Petitioner also alleges in his response that the BOP overstepped its authority when it did not give force to the state judge's order that the sentences be run concurrently. However, the order of a state court judge is irrelevant in determining when a federal sentence begins to run under 18 U.S.C. § 3585. Bonner v. Rivera, 2008 WL 565494, *5 (D.S.C. 2008) citing Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992) and Coccimiglio v. DeRosa, 2006 WL 1897269 (D.Ariz. 2006).

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 5] be **GRANTED**, the Petitioner's Motion for Summary Judgment [ECF No. 12] and Motion for Judgment [ECF No. 14] be **DENIED** and the Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir.

15

1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 5-26-2016

/s/ Robert W. Trumble

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE