# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KENNETH NEWSOME,**

    Petitioner,

v.                                                      **CIVIL ACTION NO.: 3:15-CV-141**
                                                           **(GROH)**

**WARDEN WILLIAMS,**
**FCI Gilmer,**

    Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of a Report and Recommendation ("R&R") [ECF No. 15] issued by United States Magistrate Judge Robert W. Trumble on May 26, 2016. Magistrate Judge Trumble recommends that this Court grant the Respondent's Motion to Dismiss or for Summary Judgment [ECF No. 5] and that the *pro se* Petitioner's 28 U.S.C. § 2241 petition be dismissed with prejudice. In addition, the magistrate judge recommends that the Petitioner's Cross-Motions for Summary Judgment [ECF Nos. 12 and 14] be denied. For the following reasons, the Court **ADOPTS** the magistrate judge's R&R, **GRANTS** the Respondent's motion and **ORDERS** that this case be dismissed.

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for his preparation and submission of an R&R. Now, under 28 U.S.C. § 636(b), this Court is required to conduct a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review,

under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Failure to file timely objections constitutes a waiver of de novo review and of a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, the Petitioner timely filed his objections to the R&R, which were received by this Court on June 15, 2016.

### I. Background

In August of 2004, the Petitioner was arrested by state authorities in Georgia.[1] Law enforcement officers suspected the Petitioner of shooting his wife and infant son. After the shooting, officers arrested the Petitioner in a hotel room. During an initial search of the hotel room, a detective found the gun that the Petitioner allegedly used in the shooting. In January of 2005, the Petitioner was "borrowed" by federal authorities pursuant to a writ of habeas corpus *ad prosquendum*. The Petitioner was tried and convicted in the Southern District of Georgia on a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On February 6, 2006, the United States District Court for the

---

[1] Facts concerning the history of the Petitioner's criminal offenses have been drawn from the background sections of decisions issued by the United States Court of Appeals for the Eleventh Circuit and the Court of Appeals of Georgia. See United States v. Newsome, 475 F.3d 1221, 1222-23 (11th Cir. 2007) (per curiam); Newsome v. Georgia, 657 S.E.2d 540, 542-43 (Ga. Ct. App. 2008).

Southern District of Georgia sentenced the Petitioner to a 120-month term of imprisonment. The federal district court's judgment order was silent as to whether the Petitioner's federal sentence was to run consecutive to or concurrent with the Petitioner's anticipated state court sentence.

Shortly after his federal sentencing hearing, the Petitioner was returned to the custody of Georgia state authorities. After a trial, a jury in Chatham County, Georgia, found the Petitioner guilty of aggravated assault, aggravated stalking, cruelty to a child, and possession of a firearm during the commission of a felony. The Petitioner was held in state custody during the duration of his subsequent state sentence of imprisonment. He was released and returned to federal custody in 2013 to begin serving his federal sentence.

According to the Petitioner, it was upon arriving in federal custody in 2013 that he realized that his time spent in state custody was not being sufficiently credited towards his federal sentence. Believing that his federal and state sentences should have been deemed to run concurrently, the Petitioner requested that the Federal Bureau of Prisoners ("BOP") apply a nunc pro tunc designation to his case, pursuant to the BOP's authority to designate a state facility as the place of a federal prisoner's imprisonment. See 18 U.S.C. § 3621(b). This retroactive designation would have effectively caused the Petitioner's federal sentence to run concurrent to his completed state sentence, thereby reducing the time left on his federal sentence. The BOP denied the Petitioner's request.

On December 21, 2015, this Court received the Petitioner's 28 U.S.C. § 2241 petition challenging the BOP's determination. In addition to his argument that the BOP abused its discretion in denying his request for a nunc pro tunc retroactive designation, the Petitioner asserted that the BOP unlawfully denied him credit for time served, that he had

3

been unlawfully incarcerated in excess of the statutory maximum for his offense, and that his counsel was ineffective during sentencing. The Respondent opposed the petition by way of its Motion to Dismiss or for Summary Judgment. Thereafter, the Petitioner filed additional documents, which, construed liberally, constitute cross-motions for summary judgment against the Respondent. On May 26, 2016, Magistrate Judge Trumble issued his R&R, recommending that the Respondent's Motion be granted and that the Petitioner's 28 U.S.C. § 2241 petition be denied and dismissed with prejudice. The Petitioner filed objections to the R&R, and this matter is now ripe for review.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1356 (1990)).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff.  Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).  But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Id. (internal quotation marks and citation omitted).  Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice.  Id. (alteration in original) (internal quotation marks and citation omitted).  A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (second alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to

5

judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### III. Discussion

The Petitioner specifically objects to Magistrate Judge Trumble's analysis of the BOP's denial of his request for nunc pro tunc designation. As the Petitioner framed his position in one of his cross-motions for summary judgment [ECF No. 12], "Though Petitioner filed his § 2241 Habeas Petition based on four grounds, the weight of his case deals with the issues regarding his nunc pro tunc designation request and the BOP abusing its discretion in rejecting the Petitioner's nunc pro tunc designation request solely on the basis of the sentencing court's objection and . . . without 'properly' and 'adequately'

6

evaluating the five factors listed in 18 U.S.C. § 3621(b)." Consistent with that assessment, the Petitioner's objections to the R&R are focused on the magistrate judge's analysis of the BOP's § 3621 determination. Accordingly, this Court has reviewed the R&R and the pertinent portions of the record de novo as to the Petitioner's claim that the BOP abused its discretion in denying the Petitioner's request for a nunc pro tunc designation under § 3621.[2]

Under § 3621(b), the BOP is tasked with designating the place of a prisoner's imprisonment. The BOP may designate any available facility that meets minimum health and habitability standards, "whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." Jefferson v. Berkebile, 688 F. Supp. 2d 474, 486 (S.D. W. Va. 2010) (citing United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998)). The BOP should consider the following factors, as appropriate, when designating a prisoner's place of imprisonment:

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence—

        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

        (B) recommending a type of penal or correctional facility as

---

[2] The Court has reviewed the remainder of the R&R and the record in this case. Finding no clear error, the Court adopts the magistrate judge's recommendation of dismissal as to the entirety of the Petitioner's 28 U.S.C. § 2241 petition.

>     appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Utilizing § 3621, the BOP has the power to order a nunc pro tunc designation of a state facility as the place of imprisonment for a federal prisoner, allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. Moorning v. Purdue, No. 3:14-CV-1, 2015 WL 774280, at *6 (N.D. W. Va. Feb. 24, 2015) (citing Jefferson, 688 F. Supp. 2d at 487), aff'd per curiam, 611 F. App'x 149 (4th Cir. 2015).

Generally, the BOP will retroactively designate a non-federal institution for the service of a prisoner's federal sentence when such a designation would be "consistent with the federal sentencing court's intent." See BOP Program Statement 5160.05. One way of determining the sentencing court's intent is to look to an order or recommendation the court may have issued at the time the sentence was imposed. Failing that, a prisoner can request a nunc pro tunc designation, as the Petitioner has done in the instant case. When tasked with determining whether to apply a nunc pro tunc retroactive designation to a prisoner's sentence, the BOP considers all appropriate factors under § 3621(b), including any statement by the sentencing court. See Trowell v. Beeler, 135 F. App'x 590, 595-96 (4th Cir. 2005) (per curiam) (unpublished). To that end, it is BOP policy to send a letter to the prisoner's sentencing court, with copies to the U.S. Attorney's Office and U.S. Probation Office, in which the BOP inquires as to the sentencing court's position on applying a retroactive designation. See BOP Program Statement 5160.05.

If the BOP denies a prisoner's request for nunc pro tunc retroactive designation, the

prisoner may raise his claim through the BOP's administrative remedy program.  See Setser v. United States, 132 S. Ct. 1463, 1473 (2012).  If the prisoner still does not obtain the requested relief, he may seek a writ of habeas corpus under 28 U.S.C. § 2241.  See id.  The BOP's nunc pro tunc determination is then reviewed for abuse of discretion, with the reviewing court affording substantial deference to the BOP's findings, which are entitled to a presumption of regularity.  See Trowell, 135 F. App'x at 593 (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991)); Jefferson, 688 F. Supp. 2d at 496; see also, e.g., Fegans v. United States, 506 F.3d 1101, 1105 (8th Cir. 2007).

Here, the magistrate judge found that the BOP acted appropriately and did not abuse its discretion in denying the Petitioner's request for a nunc pro tunc retroactive designation.  Specifically, the magistrate judge found that the BOP considered each of the relevant factors of the § 3621 analysis—including the statement of the federal sentencing judge, which was solicited through a letter sent from the BOP to the sentencing judge in the Southern District of Georgia—before issuing its final determination denying the Petitioner's request.  In his objections to the R&R, the Petitioner argues that the BOP's review of the § 3621 factors was inadequate.  According to the Petitioner, it is clear that the BOP impermissibly deferred to the sentencing court instead of independently exercising its discretion in reviewing the § 3621 factors.  The Petitioner points to the language used in the BOP's letter to the sentencing judge,[3] and he emphasizes that his request was denied

---

[3] The BOP's letter provides as follows:

[A] retroactive designation is made if the federal sentencing Court indicates the federal term is to be concurrent with the state term, or if the federal sentencing Court does not state it's [sic] intention, such designation may be completed after the review of all factors under Title 18 U.S.C. § 3621(b).

9

very soon after the sentencing judge issued his response to the BOP's letter.[4]

In the R&R, the magistrate judge thoroughly reviewed the process that the BOP employed before denying the Petitioner's request. To recapitulate, after receiving the Petitioner's request for a retroactive designation, a representative of the BOP's Designation and Sentence Computation Center sent a letter to the judge who imposed the Petitioner's sentence in the Southern District of Georgia. As discussed above, this procedure was consistent with the BOP's policy of considering any statement made by the sentencing judge concerning a potential retroactive designation under § 3621. Several weeks later, a supervisory U.S. probation officer in the Southern District of Georgia responded to the BOP's inquiry.[5] The probation officer's letter informed the BOP that the Petitioner's

---

> The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. It is the Bureau's preference that the federal sentencing court state its position with respect to a retroactive designation. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.
>
> Should the Court indicate the sentence is to run concurrent with the state term, the Bureau will commence the sentence in the above judgment on a date which would result in the satisfaction of his federal sentence and immediate release from custody of Mr. Newsome. Should the Court indicate the term is to run consecutive to the state term, he will continue to a current projected release date of August 5, 2022.

[4] Elsewhere in his objections, the Petitioner highlights an error in the portion of the R&R wherein the magistrate judge summarized the contentions of the parties. On page four of the R&R, the magistrate judge stated that the Petitioner "further maintains that the BOP overstepped its authority when it did not give force to the state judge's order that the sentences be run concurrently." As the Petitioner notes, it appears that this sentence was included in the R&R in error, as the Petitioner did not raise such an argument. With that being noted, the Court finds that the inclusion of the additional sentence was harmless error and did not affect the magistrate judge's findings or recommended disposition.

[5] The Court believes that these circumstances are distinguishable from the scenario discussed in Jefferson, wherein a U.S. probation officer—acting in the place of a sentencing judge—improperly responded to a letter from the BOP regarding a prisoner's request for a nunc pro tunc retroactive designation. 688 F. Supp. 2d at 480. In Jefferson, at the time the BOP attempted to contact the prisoner's sentencing judge, the judge had already retired from the bench. Id. Presumably because the sentencing judge was unavailable due to his retirement, the probation officer responded to the BOP's letter "in his stead." Id. In the Petitioner's case, the probation officer who responded to the BOP's letter did so after consulting with the Petitioner's sentencing

sentencing judge recommended *against* a retroactive designation. The letter cited the "serious nature of the instant federal offense and the underlying state charges" as the primary consideration behind the sentencing judge's recommendation. Shortly thereafter, the BOP decided to deny the Petitioner's request. On July 30, 2014, a BOP representative prepared a "Factors Under 18 U.S.C. § 3621(b) Worksheet" to memorialize its determination. The worksheet indicates that the BOP considered factors one, two, three and four, while factor five was deem not applicable to the ultimate determination.

Upon an independent review of the parties' arguments and the record to date, while affording the *pro se* Petitioner's filings liberal construction and holding them to less stringent standards than pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), this Court reaches the same conclusion as the magistrate judge. The BOP acted within its broad authority and did not abuse its discretion in denying the Petitioner's request for a nunc pro tunc retroactive designation. Although certain portions of the text of the BOP's letter to the Petitioner's sentencing judge may read as deferential to the sentencing judge, that aspect of the letter is counterbalanced by the BOP's statement elsewhere in the same letter that a designation may be completed "after the review of all factors" under § 3621(b). Moreover, the Court has been able to review the "Factors Under 18 U.S.C. § 3621(b) Worksheet" that the BOP completed when issuing its final determination. Although the analysis contained in the BOP's worksheet is terse, and even though this Court might have analyzed and balanced some of the factors in a different

---

judge and, in the response letter, the officer speaks for the sentencing judge's opinion directly. Indeed, in a subsequent order issued in the Petitioner's criminal case, the sentencing judge stated that after receipt of the BOP's letter, "the *Court* notified the Bureau of Prisons . . . that it recommended *against* concurrent service of Defendant's federal and state sentences." Order, United States v. Newsome, No. 4:04-CR-309-1 (S.D. Ga. Dec. 21, 2015), ECF No. 124 (first emphasis added).

manner, the worksheet's deficiencies do not indicate that the BOP abused its discretion. Instead, it appears to the Court that the BOP considered the relevant § 3621(b) factors in good faith and in a manner it deemed appropriate. Furthermore, it appears that the BOP did not rely solely on the sentencing judge's recommendation. Under these circumstances, the Court finds that the BOP's denial of the Petitioner's request was a valid exercise of the BOP's discretion under § 3621. Accordingly, the Petitioner's claim regarding his request for a nunc pro tunc retroactive designation must be denied and his objections on that issue are overruled. Finding no clear error in the remainder of the magistrate judge's R&R, the Court adopts the magistrate judge's recommendation that the Petitioner's § 2241 petition be dismissed.

## IV. Conclusion

For the foregoing reasons, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 15] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **GRANTS** the Respondent's Motion [ECF No. 5]. The Petitioner's Objections [ECF No. 17] are **OVERRULED** and his Cross-Motions for Summary Judgment [ECF Nos. 12 and 14] are **DENIED**. The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition is **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties herein.

**DATED**: August 5, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE